Trotzer v. NH Bd. of Examiners          CV-97-162-SD 12/23/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


James P. Trotzer, Ph.D

    v.                                    Civil No. 97-162-SD

N.H. Board of Examiners of
 Psychology and Mental Health
 Practice; and
Philip J. Kinsler, Ph.D.,
Barbara R. Frankel, Ph.D.,
Kay W. Wagner, CCMHC,
James R. MacKay, MSW, Ph.D.,
Jane McClung, Ph.D.,
 all in their individual capacities
 and as members of the Board


# O R D E R

In this civil rights action, plaintiff Trotzer alleges that the New Hampshire Board of Examiners of Psychology and Mental Health Practice ("the Board") violated the Due Process Clause and the Free Exercise Clause by revoking his licence to practice psychology through a constitutionally deficient hearing and for impermissible religious reasons. Before the court is defendants' motion to dismiss, to which plaintiff objects.

The plaintiff, James P. Trotzer, Ph.D., began practicing as a certified psychologist in 1984. In 1993 some former patients of Trotzer filed complaints against him with the Board alleging professional misconduct. The Board investigated the complaints, and subsequently undertook disciplinary proceedings upon its own

initiative.  At the close of the hearing, the Board imposed a five-year suspension of Trotzer's licence to practice psychology. Trotzer appealed this suspension of his licence to the New Hampshire Supreme Court, and that appeal is still pending.

This case is on all fours with Bettencourt v. Board of Reg. in Medicine, 904 F.2d 772 (1st. Cir. 1990), in which the First Circuit held that a physician's civil rights action against a state medical board that revoked his license was properly dismissed under Younger v. Harris, 401 U.S. 37 (1971), which commands abstention when necessary to avoid interfering substantially with ongoing state judicial proceedings.  In Bettencourt, the physician appealed the state medical board's revocation of his license to the Massachusetts Supreme Judicial Court ("SJC").  While that appeal was pending before the SJC, the physician filed a civil rights action in federal district court against the medical board and its members alleging various constitutional violations caused by the license revocation hearings.  The court held that the federal civil rights proceedings would substantially interfere with the pending appeal before the SJC.

> Were the district court to grant any of the forms
> of relief sought by plaintiff . . . the effect
> would be to disrupt substantially the review
> proceedings now pending before the SJC.  An
> injunction could "immobilize" the state
> proceedings.  A declaratory judgment would

2

> "actually resolve an issue central to that appeal." And a ruling in support of an award of money damages "would embarrass, and could even intrude into, the state proceedings.

Bettencourt, supra, 904 F.2d at 777 (citations omitted).

In all material respects, the case at hand is indistinguishable from Bettencourt. Trotzer appealed the Board's revocation of his license to the New Hampshire Supreme Court. While that appeal was pending, Trotzer filed his civil rights action in this court against the Board and its members alleging constitutional violations caused by the revocation hearings. For the same reasons as in Bettencourt, granting Trotzer the requested relief would substantially interfere with the pending appeal in state court. Furthermore, Trotzer may address his constitutional claims against the Board and its members in his appeal before the New Hampshire Supreme Court, which is just as capable of guaranteeing federal rights. Sumner v. Mata, 449 U.S. 539, 549 (1981) ("State judges as well as federal judges swear allegiance to the Constitution of the United States, and there is no reason to think that because of their frequent differences of opinions as to how that document should be interpreted, all are not doing their mortal best to discharge their oath of office."). The New Hampshire Supreme Court has expressed its willingness to vacate licence revocations by the Board when necessary to vindicate the constitutional rights of the physician. See, e.g.,

3

Petition of Smith, 139 N.H. 299, 302-05 (1994); see also Petition of Grimm, 138 N.H. 42, 46-51 (1993). Under these circumstances, failure to abstain would be a "direct aspersion on the capabilities and good faith of [the] state appellate court[]." Huffman v. Pursue, Ltd., 420 U.S. 598, 608 (1975).

Ordinarily, a decision to abstain under Younger results in a dismissal of the entire federal action. However, "[b]ecause the proceedings before the [state court] do not involve a claim for damages . . . to [dismiss] solely on Younger grounds would arguably subject plaintiff to the risk that the statute of limitations might run on his damages claims." Bettencourt, supra, 904 F.2d at 781. Nonetheless, there are alternate grounds to dismiss Trotzer's damages claim.

The Eleventh Amendment bars Trotzer's damage claims against the Board and its members acting in their official capacities. Johnson v. Rodriquez, 943 F.2d 104, 108 (1st Cir. 1991). Not all state agencies enjoy sovereign immunity, and the ultimate question is whether the state agency retains a legal identity as a juridical entity separate from the state or whether the state remains the real party in interest. University of R.I. v. A.W. Chesterton Co., 2 F.3d 1200, 1203 (1st Cir. 1993). "[M]ost unincorporated state agencies and departments are readily recognizable as mere 'arms' or 'alter egos' of the State." Id.

4

at 1204.  Considering the criteria the First Circuit holds to be "germane to the Eleventh Amendment 'arm' or 'alter ego' determination," id. at 1205, the court holds that the Board is entitled to sovereign immunity.  The statutory scheme New Hampshire Revised Statutes Annotated (RSA) 330-A defines the Board as an arm of the state with little autonomy.  Most significantly, RSA 330-A:10 deprives the Board of access to or control over funds not appropriated from the state treasury.  Thus Trotzer's damages claim against the Board and its members acting in their official capacities must be dismissed.

Likewise, Trotzer's damage claim against the Board members in their individual capacities must be dismissed on ground of "quasi-judicial" immunity, which extends to certain "agency officials who, irrespective of their title, perform functions essentially similar to those of judges and prosecutors, in a setting similar to that of a court."  Bettencourt, supra, 904 F.2d at 782 (emphases omitted) (citing Butz v. Economou, 438 U.S. 478, 511-17 (1977)).  The role of a Board member is functionally comparable to that of judges: he weighs evidence, makes factual and legal determinations, chooses sanctions, and writes explanatory opinions.  See Bettencourt, supra, 904 F.2d at 783 (extending "quasi-judicial" immunity to the members of a medical licence review board).  Thus the Board members enjoy "quasi-

5

judicial" immunity from this action.

For the foregoing reasons, the defendants' motion to dismiss must be and herewith is granted.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

December 19, 1997

cc:   Paul McEachern, Esq.
      Douglas N. Jones, Esq.